IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36632-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SIEGFRIED JOHN SCHEELER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, A.C.J. — Siegfried Scheeler appeals from convictions resulting from his attempt to murder his wife, primarily arguing that various alleged errors require a new sentencing. They do not. We strike one offense and remand to strike various provisions of the judgment. Otherwise, we affirm.

PROCEDURAL HISTORY

Mr. Scheeler was convicted at a jury trial of attempted second degree murder, first degree assault, and fourth degree assault. On the morning of sentencing, defense counsel asked for a continuance on two bases: the defendant was representing himself in the pending dissolution trial scheduled to be heard the following month, and several witnesses were expected who had not appeared.

Counsel explained that witnesses were coming from western Washington to address sentencing and that, due to chains being required on Snoqualmie Pass, the speed limit was 35 miles per hour. He had not heard from the witnesses (a former girlfriend of the defendant and her associates) and had no explanation for their absence other than suspecting travel conditions were to blame. He also advised the court that he had told them he would be seeking a continuance of the sentencing hearing, but had not advised them to anticipate that the continuance would be granted.

Noting that the hearing had already started an hour late and there was no indication that the witnesses were on the way, the court denied the continuance.[1] Counsel advised the court that the defense was ready to proceed and that the attorney and defendant had spent "quite a bit of time" going over the defendant's arguments. The hearing then went forward with Mr. Scheeler giving a lengthy allocution that blamed his wife for the crime and accused his counsel, Chad Dold, of performing ineffectively. In response, the court noted that "Mr. Dold is one of the finest trial attorneys that I've ever had in my courtroom . . . he did a very good job on this case." Report of Proceedings at 514-515.

The court merged first degree assault (count 1) into the attempted second degree murder conviction (count 4). It then imposed a term of 200 months for the attempted

---

[1] The court did indicate it would sign an order allowing Mr. Scheeler to stay in the county jail long enough to take part in the dissolution trial.

murder and ran a 364-day sentence for the fourth degree assault charge concurrently with count 4.

Mr. Scheeler then timely appealed to this court. A panel considered his appeal without hearing argument.

ANALYSIS

The appeal presents three arguments, although two of them can be briefly, and jointly, addressed. We then turn to the question of whether the court erred in denying a continuance of the sentencing hearing. Mr. Scheeler also filed a statement of additional grounds (SAG) that raises several claims; we briefly address two of those.

*Judgment and Sentence*

Mr. Scheeler argues, and the prosecutor agrees, that (1) the first degree assault conviction should be vacated, and (2) the judgment provisions permitting interest on non-restitution financial obligations and requiring Mr. Scheeler to pay costs of supervision and collection should be struck. We agree.

We accept the concessions and remand the matter to superior court for entry of an order striking the noted provisions from the judgment and sentence.

*Continuance of Sentencing*

Mr. Scheeler argues that the court erred in failing to continue the sentencing hearing to permit his witnesses to appear. There was no abuse of the court's discretion.

A "trial court has broad discretion to determine whether there is good cause to postpone sentencing." *State v. Roberts*, 77 Wn. App. 678, 685, 894 P.2d 1340 (1995) (*citing State v. Garibay*, 67 Wn. App. 773, 776-777, 841 P.2d 49 (1992)); *see also State v. Deskins*, 180 Wn.2d 68, 82, 322 P.3d 780 (2014) (*quoting State v. Eller*, 84 Wn.2d 90, 95, 524 P.2d 242 (1974)) ("The decision whether to grant a continuance is 'largely within the discretion of the trial court.'"). The trial court's refusal to grant a continuance "will 'be disturbed only upon a showing that the accused has been prejudiced and/or that the result of the trial would likely have been different had the continuance not been denied.'" *Deskins*, 180 Wn.2d at 82 (*quoting Eller*, 84 Wn.2d at 95) (affirming trial court's denial of defendant's motion to continue sentencing because defendant made no showing the court's order of restitution would have been different had her requested continuance been granted). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Here, the trial court had a very tenable reason for not continuing the hearing. The sentencing had already been postponed twice. It started an hour late and there was no word whether the witnesses were actually on their way. In addition to the unexplained absence, there was nothing presented suggesting they had important information bearing on the sentencing hearing. From the little identified in the record, it appears that the witnesses would address Mr. Scheeler's work history and character, matters that he had already put before the court.

No reason existed to postpone the hearing again. In addition, Mr. Scheeler cannot show that he was prejudiced by the denial since he cannot establish that the witnesses had any information of significance to present.

The trial court did not err by denying the continuance.

*Statement of Additional Grounds*

Mr. Scheeler's SAG presents several arguments, but little that merit any discussion. We briefly address his ineffective assistance and prosecutorial misconduct claims.

Ineffective assistance claims are adjudged on familiar standards. An attorney's failure to perform to the standards of the profession will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 333-335, 899 P.2d 1251 (1995). Thus, to prevail on a claim of ineffective assistance, the defendant must show both that his counsel erred and that the error was so significant, in light of the entire trial record, that it deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 690-692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Id.* at 689-691. If the claim is based on evidence outside of the record of the appeals, it must be brought as a personal restraint petition (PRP) supported by admissible evidence sufficient to back the factual allegations. *McFarland*, 127 Wn.2d at 338 n.5.

5

Here, the bulk of the allegations involve cross-examination of witnesses and alleged failure to present evidence and conduct investigations. The former category is just about never a basis for a successful claim, as it involves issues of attorney strategy and tactics.[2] The latter category of allegations requires evidence outside of the record of this appeal. If there is such evidence, Mr. Scheeler must present it in proper form through a PRP.

Claims of prosecutorial misconduct also are reviewed under familiar standards. The appellant bears the burden of demonstrating prosecutorial misconduct on appeal and must establish that the conduct was both improper and prejudicial. *State v. Stenson*, 132 Wn.2d 668, 718, 940 P.2d 1239 (1997). Prejudice occurs where there is a substantial likelihood that the misconduct affected the jury's verdict. *Id.* at 718-19. The allegedly improper statements should be viewed within the context of the prosecutor's entire argument, the issues in the case, the evidence discussed in the argument, and the jury instructions. *State v. Brown*, 132 Wn.2d 529, 561, 940 P.2d 546 (1997).

Reversal is not required where the alleged error could have been obviated by a curative instruction. *State v. Gentry*, 125 Wn.2d 570, 596, 888 P.2d 1105 (1995). The failure to object constitutes a waiver unless the remark was so flagrant and ill-intentioned

---

[2] "However, even a lame cross-examination will seldom, if ever, amount to a Sixth Amendment violation." *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 489, 965 P.2d 593 (1998).

that it evinced an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury. *Id.*; *State v. Belgarde*, 110 Wn.2d 504, 507, 755 P.2d 174 (1988). Finally, a prosecutor has "wide latitude" in arguing inferences from the evidence presented. *Stenson*, 132 Wn.2d at 727.

Mr. Scheeler contends that the prosecutor twice injected facts outside the record into the argument. In one instance, apparently in response to a defense argument that some additional crime scene blood samples should have been tested, the prosecutor stated that he had asked the sheriff's office why they had not tested the sample, though he did not report a response. In context, the statement suggested that no testing was required because both people present at the scene were bloodied during the fight. While the positive statement that the sheriff had been asked was interjected without evidence to support it, the statement was easily curable by an objection. It was not a significant statement whose utterance rendered the trial unfair.

The other claim is that the prosecutor remarked there were shot gun pellets even though no testimony indicated any had been found. However, witnesses had described markings on the concrete that a deputy believed were consistent with pellets from buckshot or a shotgun slug. This comment was a reasonable inference from the evidence in the record. *Stenson*, 132 Wn.2d at 727. It was not improper argument.

Mr. Scheeler has not established that any prejudicial misconduct occurred. His SAG arguments are without merit.

7

No. 36632-4-III
*State v. Scheeler*

Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.